## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION
### [ELECTRONICALLY FILED]

| | |
|---|---|
| BARBARA McKNIGHT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. _____ |
| ) | |
| WAL-MART STORES EAST, LP ) | |
| ) | |
| Defendant ) | |

### NOTICE OF REMOVAL

Defendant, Wal-Mart Stores East, LP ("Defendant"), by counsel, gives notice of removal of this action to this Court pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446 and respectfully states as follows:

1. The Plaintiff, Barbara McKnight, commenced this action in the Boyle Circuit Court, Civil Action No. 15-CI-00042, in which Wal-Mart Stores East, LP is the named Defendant. The Plaintiff has asserted the following claims against the Defendant: (1) failure to make reasonable accommodations in violation of the Americans with Disabilities Act of 1990 ("ADA"); and (2) wrongful termination in violation of the Kentucky Civil Rights Act, KRS Chapter 342.197(1). This action is removable to the United States District Court.

2. As an initial matter, the Plaintiff's federal ADA claim is removable pursuant to 28 U.S.C. §§ 1331 and 1441 as it arises under the laws of the United States and therefore presents a federal question under this Court's original jurisdiction. In

addition, this Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367, as such claim is part of the same case and controversy as the ADA claim.

3. This Court also has jurisdiction over the entire matter pursuant to 28 U.S.C. § 1332 (a) and (c) in that there exists diversity of citizenship between the parties and that the total amount claimed by the Plaintiff exceeds the jurisdictional minimum of $75,000.00, though liability and damages are denied.

4. Plaintiff is a citizen of the State of Kentucky.

5. In accordance with *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the citizenship of a limited partnership is based upon the citizenship of each of its general and limited partners. Defendant, Wal-Mart Stores East, LP, is a Delaware limited partnership with its principle place of business in Arkansas. It has one general partner, WSE Management, LLC, and one limited partner, WSE Investment, LLC, both of which are Delaware limited liability companies with principle places of business in Arkansas.

6. Pursuant to *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) a limited liability company is a citizen, for diversity purposes, of the state in which its members are citizens.

a) The sole member of WSE Management, LLC is Wal-Mart Stores East, Inc. In accordance with 28 U.S.C. § 1332(c)(1), Wal-Mart Stores East, Inc. is a citizen of the State of Arkansas, where it is incorporated and where it has its principal place of business. The general partner of Wal-Mart Stores East, LP is therefore a citizen of the State of Arkansas.

2

      b)    The sole member of WSE Investment, LLC is also Wal-Mart Stores East, Inc. The limited partner of Wal-Mart Stores East, LP is therefore a citizen of the State of Arkansas.

      c)    Therefore, Wal-Mart Stores East, LP is now and was at the time of the commencement of this action a citizen of the State of Arkansas.

7.    With respect to the amount in controversy requirement, the Plaintiff is seeking damages for lost wages and benefits, other compensatory damages, and punitive damages. [See, *Complaint* at Wherefore clause at ¶1 and 2, attached as part of Exhibit A]. Given the breadth of the allegations and damages claims, a preponderance of the evidence exists to show that the amount in controversy exceeds $75,000, exclusive of interest and costs. The Defendant neither admits nor contends that it is liable to the Plaintiff or that the Plaintiff's damages necessarily exceed $75,000; however, it appears from the Complaint that the amount in controversy exceeds $75,000. See, e.g., *Parnell v. State Farm Mut. Auto Ins. Co.*, 173 F.R.D. 446, 448 (W.D. Ky. 1997) (amount in controversy requirement satisfied where plaintiff alleged in motor vehicle accident that he was entitled to damages for bodily injuries, impairment of earning capacity, and punitive damages).

8.    This notice of removal is filed within thirty (30) days after the Defendant received a copy of the Plaintiff's initial pleading, as required by 28 U.S.C. § 1446(b).

9.    In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served as of the date of the filing of this Notice of Removal are attached hereto as Exhibit 1.

10.     A true and correct copy of this Notice of Removal will be provided to the Plaintiff and the clerk of the Boyle Circuit Court, as required by 28 U.S.C. § 1446(d).

**WHEREFORE,** Defendant, Wal-Mart Stores East, LP requests the removal of this action from the Boyle Circuit Court to this Court for all other appropriate procedures.

Respectfully submitted,

s/ Tyler M. Jolley
David Domene
Tyler M. Jolley
BLACKBURN DOMENE & BURCHETT, PLLC
614 W. Main Street, Suite 3000
Louisville, Kentucky  40202
Telephone: (502) 584-1600
Fax: (502) 584-9971
ddomene@bdblawky.com
tjolley@bdblawky.com
*Counsel for Defendant, Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically and sent via U.S. mail to the following on the 17th day of February 2015. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Kelly P. Spencer
Christy H. Sweeney
SPENCER LAW GROUP
535 Wellington Way, Suite 330
Lexington, KY  40503
*Counsel for Plaintiff, Barbara McKnight*

                                                      s/ Tyler M. Jolley
                                                      Tyler M. Jolley