COMMONWEALTH OF KENTUCKY
BOYLE CIRCUIT COURT
DIVISION ____
15-CI-042



BARBARA MCKNIGHT                                              PLAINTIFF

V.                        **VERIFIED COMPLAINT**

WAL-MART STORES EAST, LP (Store #692)                         DEFENDANT
    702 SW 8TH STREET
    BENTONVILLE, AR 72716-0215

    Serve: C T CORPORATION SYSTEM
        306 W MAIN ST
        SUITE 512
        FRANKFORT, KY 40601

*** *** ***

Comes the Plaintiff, Barbara McKnight, by and through Counsel, and for her Complaint against Wal-Mart Stores East, LP states as follows:

**Nature Of Action**

1. Plaintiff's cause of action arises under KRS 342.197(1) for wrongful termination and discharge in violation of the Kentucky Workers Compensation Anti-Retaliation Act due to Plaintiff's discharge and termination from Defendant's employment after suffering workplace injuries in temporal proximity to Plaintiff seeking Workers Compensation Benefits under the Commonwealth's Workers Compensation Act.

2. Plaintiff's cause of action also arises under Title 1 of the Americans With Disabilities Act of 1990 (ADA) due to Defendant's failure to reasonably accommodate Plaintiff's known physical limitations.

## Parties, Jurisdiction and Venue

3. The Plaintiff, Barbara McKnight, is and has been for all times relevant to this action, a resident of Kentucky.

4. The Defendant, Wal-Mart Stores East, LP (store #692) (hereinafter "Wal-Mart") is an active corporation with a registered agent of C.T. Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601 and a principal office at 702 SW 8TH Street Bentonville, AR 72716-0215, and a place of business at 100 Walton Avenue, Danville, Kentucky 40422.

5. The Plaintiff, Barbara McKnight, was employed by Wal-Mart store #692 and worked in Danville, Boyle County, Kentucky for approximately sixteen (16) years (October of 1995 until February of 2013, with approximately a one year separation from August of 1998 until July of 1999) prior to filing a Workers Compensation Claim due to work related injuries. In total, Plaintiff was employed by Wal-Mart for approximately 17 years, taking into account the one year separation from 1998 to 1999.

6. The amount in controversy exceeds the jurisdictional minimum of the Circuit Court.

7. The Defendant, Wal-Mart, is a corporation that has a principal office/place of business in Kentucky and is subject to Kentucky State Court jurisdiction. Wal-Mart's Boyle County location is an "office" and or "place of business" pursuant to KRS 452.450, making Boyle County, Kentucky venue proper.

8. Venue is proper in this court because the injury and wrongful termination in violation of KRS 342.197(1) occurred in Boyle County, Kentucky, where the Plaintiff was employed at the Wal-Mart's Danville, Kentucky store.

9. The Workers Compensation Act claim was made based upon injuries that occurred in the Wal-Mart, Danville, Boyle County, Kentucky store and the Plaintiff was wrongfully terminated in Boyle County.

### Wrongful Termination Pursuant To KRS 342.197(1)

10. Plaintiff hereby incorporates by reference all prior paragraphs of this complaint and makes said paragraphs a part of this cause of action, as though fully set out herein.

11. The Defendant, TMMK, unlawfully discharged the Plaintiff in retaliation for pursuing a lawful claim under the Workers Compensation Act, for which the Plaintiff was awarded benefits.

12. That KRS 342.197(1) provides a cause of action for an employee who has been terminated in violation of 342.197(1).

13. That the Plaintiff was injured on the job while working for Wal-Mart, sought benefits under the Workers Compensation Act, and was rewarded benefits under the Workers Compensation Act.

14. Plaintiff had been an employee with Wal-Mart for approximately 17 years (taking into account the one year separation between 1998 and 1999) and, after experiencing repetitive workplace injuries which resulted in surgery. After her surgery, Ms. McKnight worked the self-checkout register at Wal-Mart for approximately one and a half (1.5) years before she began receiving Workers Compensation Benefits on January 15th, 2013, and was effectively terminated

from her position via phone on February 12th, 2013 by Wal-Mart management/agent in violation of KRS 342.197(1).

15. Defendant's reason for discharge was false and pre-textual for termination in retaliation for Plaintiff exercising her rights under the Workers Compensation Act to seek benefits and compensation for her workplace injuries.

16. Defendant was aware of Plaintiff's workplace injuries. Defendant was aware that Plaintiff was under the care of a physician during her leave of absence and incurring medical costs as a result of her injuries. Defendant knew Plaintiff had received an award for Workers Compensation benefits. Plaintiff returned to work after being released by her physician with permanent restrictions of "no lifting more than 5lbs, no scanning, no repetition, self-check-out only" on January 30th, 2013 when she signed the "Bona Fide Job Offer" presented to her by Wal-Mart. Plaintiff worked the self-check-out register as scheduled without incident until February 9, 2013. On February 12th, 2013, Plaintiff's day off, she was called at home and released from her duties by William Welch, a manager and agent of Wal-Mart, who claimed to be unable to find a position for her, despite the fact that she had been working the self-check-out registers only three (3) days prior.

17. Defendant had no legitimate cause to terminate Plaintiff, and there is a temporal proximity to Plaintiff seeking medical attention and receiving a favorable award with regards to her Workers Compensation Claim, and Wal-Mart's termination of Plaintiff in violation of the Kentucky Workers Compensation Act Anti-Retaliation Statute.

18. Plaintiff filed a Charge with the EEOC and was issued a "Right to Sue" letter. Plaintiff is filing this Complaint within the allotted filing period subsequent to the issuance of the letter.

19. During negotiations with the EEOC, Defendant indicated to the investigator that Plaintiff had not been terminated and in fact was eligible for rehire. Relying on this information, Ms. McKnight requested to be reinstated. Plaintiff was informed via the EEOC investigator that Wal-Mart was unwilling to follow-through with a rehire of Plaintiff.

20. The Plaintiff has suffered economic and non economic damages due to the Defendant's wrongful termination of Plaintiff in violation of the Kentucky Workers Compensation Act Anti-Retaliation Statute.

### Failure To Make Reasonable Accommodations

### Title 1 Of The Americans With Disabilities Act Of 1990 (ADA)

21. The Plaintiff hereby incorporates by reference all prior paragraphs of this complaint and makes said paragraphs a part of this cause of action, as though fully set out herein.

22. Wal-Mart accommodated Ms. McKnight's request for light duty, after her workplace injuries were surgically addressed, for approximately one and a half (1.5) years prior to the award of her Workers Compensation Benefits.

23. Given the fact that Ms. McKnight was able and willing to perform the tasks of a self-check-out clerk, and had done so just three (3) days prior to being effectively terminated by Wal-Mart management's insistence that they could not find a position suitable for her disability and restrictions, it is reasonable to conclude that Wal-Mart willfully, knowingly, intentionally and with malice failed to continue to make reasonable accommodations for Ms. McKnight's disability and restrictions.

24. Ms. McKnight was willing to travel to other Wal-Mart stores for light duty work such as a self-check-out cashier or store greeter. Wal-Mart management maintained that no such accommodations were available at other stores.

25. The failure to provide reasonable accommodations occurred after February 9th, 2013. Prior to her award of Workers Compensation Benefits in January of 2013 Wal-Mart provided reasonable accommodations for Ms. Knight as a self-check-out clerk and abruptly withdrew them on February 12, 2013, though this is a job she had preformed for approximately one and a half (1.5) years prior to her discharge and lastly, three (3) days prior to her discharge. The fact alone that Ms. McKnight's restrictions were accommodated for an extended period of time is irrefutable evidence that there was no "undue hardship" with regard to Wal-Mart in allowing a long term employee to remain in a light duty position. It is evident that Wal-Mart did not act in "good faith" with regards to the Plaintiff or her work situation.

26. The Plaintiff has suffered economic and non economic damages due to the Defendant's wrongful termination of Plaintiff in violation of the Title 1 of the Americans With Disabilities Act of 1990 (ADA).

27. 42 US Code § 1981(a) and 1981(b) provide relief to the Plaintiff in the form o compensatory and punitive damages when an employer does not act in good faith to make reasonable accommodations for an employee, as in this case.

### Relief

**Wherefore**, the Plaintiff, Barbara McKnight, respectfully prays for relief as follows:

1. Compensatory and punitive damages to fairly and reasonably compensate the Plaintiff and for attorney's fees and costs associated with this action;

6

2. An award of lost wages incurred since Plaintiff's wrongful termination, lost benefits and costs incurred for medical care due to loss of health insurance due to the wrongful termination, and lost Wal-Mart benefits;

3. Leave to amend this Complaint upon discovery of additional facts;

4. Trial by Jury;

5. And for any and all other relief that Plaintiff may be entitled to.

Respectfully submitted,

Hon. Kelly P. Spencer
Hon. Christy H. Sweeney
SPENCER LAW GROUP
*Attorney for Petitioner*
535 Wellington Way, Suite 330
Lexington, KY 40503
Phone: 859-252-4357
Fax: 859-271-0021
Email: kelly.spencer.law@gmail.com

### Verification

The allegations contained in the foregoing Complaint are true and correct to the best of my knowledge and belief.

Barbara McKnight

STATE OF KENTUCKY)
COUNTY OF FAYETTE:

Subscribed, sworn to and acknowledged before me by Barbara McKnight on this 29th day of January, 2015.

My commission expires: 2/4/2018



_____
Notary Public

### Certificate of Service

I certify that a true and accurate copy of the foregoing was served on this 29th day of January, 2015, to the following:

By U.S. Mail:

*Original & 2 copies to:*

Boyle County Circuit Court Clerk
Boyle County Courthouse
321 West Main Street
Danville, KY 40422

*Unstamped copy to:*
C.T. Corporation System
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601
*Registered Agent for Defendant*

*Stamped copy to be forwarded to CT Corp Systems via Certified Mail by Plaintiff's Counsel upon return receipt of same from the Circuit Court Clerk*

_____
Counsel for Plaintiff

8